UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-14434-CIV-MOORE/LYNCH

BONNIE MINNEY,

       Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security Administration,

       Defendant.

_____/

```
FILED by ____ D.C.

SEP 1 4 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE
```

## REPORT AND RECOMMENDATION ON PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEE [D.E. #24]

**THIS CAUSE** having come before this Court upon the above motion, and this Court having reviewed the motion and response, this Court recommends to the District Court as follows:

1.    As the prevailing party, the Plaintiff seeks to recover her attorney fees in the amount of $2,661.59. The Defendant does not object and therefore this Court recommends that the Plaintiff be awarded the full requested amount.

2.    Citing the assignment of EAJA fees attached to her application, the Plaintiff also requests that the fee award be paid directly to her counsel.

3.    As a general rule, fees awarded under 28 U.S.C. § 2412(d), EAJA, are payable to the plaintiff, not plaintiff's counsel. See Reeves v. Astrue, 526 F.3d 732 (11th Cir. 2008). This means that the EAJA award is subject to offset against any pre-existing debt that the plaintiff owes to the government. See Astrue v. Ratliff, 130 S.Ct. 2521, 2524

(2010), 31 U.S.C. §3716, and 31 C.F.R. §285.5. Although a plaintiff is free to assign his or her right to the EAJA fee award, see generally, Ratliff, 130 S.Ct. at 2530 (clarifying that after the EAJA award payment to the litigant, "the litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that contract.") (Sotomayor, J., concurring), the assignment does not preclude the offset, see 31 C.F.R. §285.5(e)(6)(ii). The Defendant's response requests that the Court Order reflect that the EAJA fee be payable to the Plaintiff. This Court therefore finds that the EAJA fee award may be payable directly to a plaintiff's counsel only where the plaintiff owes no debt to the government and where the plaintiff assigns the right to the award to his or her attorney.

4.      The Plaintiff also seeks recovery of $350.00 for the filing fee in this case which the Defendant agrees that the Plaintiff should be compensated, and that the filing fee be paid from the Judgment Fund administered by the United States Treasury.

**ACCORDINGLY**, this Court recommends that the Application For Attorney's Fees [D.E. #24] be **GRANTED** and that the Plaintiff be awarded a total of $2,661.59 in attorney's fees pursuant to the EAJA subject to offset against any pre-existing debt that the Plaintiff owes to the United States and that the award amount that remains after offset be paid directly to Plaintiff's counsel pursuant to the assignment, and that the Plaintiff be reimbursed for the filing fee of $350.00 which shall be paid from the Judgment Fund administered by the United States Treasury. This Court further recommends that the Defendant be directed to pay the fee award within sixty (60) days of the date of the District Court's order entered upon this Report and Recommendation. This is sufficient time to allow the Defendant to research whether the Plaintiff has any outstanding debts and to determine whether they qualify for offset in accordance with the requirements of 31 U.S.C.

§3716(a), as cited by Justice Thomas in <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521 (2010) and as discussed further in <u>Omegbu v. U.S. Dept. of Treasury</u>, 118 Fed. Appx. 989 (7th Cir. 2004), as well as with the requirements of 31 C.F.R. §285.5.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this _____ day of September, 2010, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Karin D. Wherry
Stacey B. DeVeaux, Esq.